MH N

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY HARRIS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SKYTECH ENTERPRISES, LTD., )<br>ASBERRY RACKESTRAW, )<br>BARRY SHELDON and )<br>ANNA RACKESTRAW, )<br>)<br>Defendants. ) | No. 07 C 5244<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Anthony Harris, et al., filed their Complaint on September 17, 2007 against multiple defendants, including Defendant Barry Seldin ("Seldin"). Before the Court is the Defendant Seldin's Motion to Quash Service of Summons and Dismiss Complaint with Prejudice.

### BACKGROUND

Plaintiffs, Anthony Harris, et al., filed their civil complaint on September 17, 2007 against multiple defendants, including Defendant Seldin as an individual. Plaintiffs incorrectly named Seldin as an individual on the Complaint with the name Barry Sheldon. Seldin resides at 1301 North Dearborn Avenue, Chicago, Illinois, and has resided there for over two years. Seldin maintains an office for his business, Seldin Security, Inc., at 5600 North River Road, Suite 800, Rosemont, Illinois. Seldin Security, Inc. is neither Seldin's residence nor his usual place of abode.

Plaintiffs admit that in July of 2008, they became aware of Seldin's correct spelling and both Seldin's business and residential addresses. Plaintiffs attempted service upon Seldin by leaving a copy of the summons and Complaint with a receptionist at Seldin Security, Inc. on July 31, 2008, more than ten months after the complaint was filed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(e) provides the relevant rule for service of an individual within a judicial district of the United States. Under Rule 4(e), there are four possible ways to properly serve an individual: (1) following state-law service rules; (2) delivering a copy of the summons and complaint to an individual personally; (3) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion who resides there; and (4) delivering a copy of the summons and complaint with an agent authorized by appointment or law to receive service of process. Fed. R. Civ. Pro. 4(e). The relevant Illinois rule for service of process on an individual is 735 ILCS 5/2-203. Section 2-203 provides that service may be effected in two ways: (1) by leaving a copy of the summons with the defendant personally; or (2) leaving a copy at the defendant's usual place of abode, with a person of the family or a person residing there, age of 13 years or older, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his usual place of abode. 735 ILCS 5/2-203.

Federal Rule of Civil Procedure 4(m) sets a 120-day time limit for service, from the date the complaint is filed. Fed. R. Civ. P. 4(m). The relevant portion of Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Seventh Circuit found that the language of Rule 4(m), formerly 4(j), makes it mandatory that a court dismiss the action without prejudice if the defendant was not served within 120 days, unless the plaintiff demonstrates good cause for the delay. *Floyd v. U.S.*, 900 F.2d 1045, 1046 (7th Cir. 1990) (*Floyd*).

Federal Rule of Civil Procedure 41(b) pertains to involuntary dismissal for lack of prosecution. Rule 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). The Seventh Circuit noted that dismissal for want of prosecution is appropriate only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (*Maynard*) (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998)). If misconduct is particularly egregious, the court may dismiss for want of prosecution without warning. *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000) (*Bolt*). However, ordinary misconduct requires the court to warn the party and consider whether dismissal for want of prosecution is an appropriate sanction. *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

3

# ANALYSIS

Defendant Seldin makes three arguments in its motion: (1) that service of Seldin was improper and should be quashed; (2) that the Plaintiffs failed to serve Seldin within 120 days and cannot show good cause for the delay according to Federal Rule of Civil Procedure 4(m); and (3) that the Plaintiffs' Complaint should be dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

### *Service of Seldin*

Seldin argues that the service at his place of business was improper, citing both Federal Rule of Civil Procedure 4(e), and the applicable Illinois service statute 735 ILCS 5/2-203. Seldin argues that it is improper to attempt to serve an individual at his place of business by leaving the summons and complaint with an employee under the Federal and State rules.

In response, Plaintiffs do not cite any authority or assert any reasons why service was proper in this case. In fact, the Plaintiffs actually admit that ". . . one of these arguments might support the quashing of the current service . . . ." (Plaintiffs' Response 3).

The Court finds that the attempted service of Seldin was improper, as neither the Federal service rules nor the Illinois rules regarding service allows service of process by leaving the summons and complaint with an employee at an individual's place of business. The attempted service of Seldin, on July 31, 2008, is hereby quashed.

### *Whether Plaintiff Has Shown Good Cause for Delay*

Under Federal Rule of Civil Procedure 4(m), a plaintiff has 120 days from the filing of the complaint to effectuate service on the defendant(s). Seldin next argues that the Plaintiffs failed to effectuate service within 120 days as required by Rule 4(m). Seldin further argues that the Plaintiffs cannot show good cause for their delay in service. In support, Seldin argues that

4

the Plaintiffs could have easily discovered the address of Seldin during the discovery process involving the other Defendants. Finally, Seldin argues that because the cause of action has not been dismissed under Rule 4(m), that it was presumably because the Court was permitting Plaintiffs additional time to accomplish service, an argument that will be disregarded by the Court as no such additional time was granted. In support of its Rule 4(m) argument, Seldin cites *Powell v. Starwart*, 866 F.2d 964 (7th Cir. 1989) (*Powell*). In *Powell*, the plaintiff did not show good cause for delay in service due to his attorney's inadvertence in serving the defendant. *Id.*

Plaintiffs argue that in order to dismiss their cause under Rule 4(m), notice is required. In support of this argument, the Plaintiffs cite Rule 4(m) and a Second Circuit decision, *Thompson v. Maldonado*, 309 F.3d 107 (2nd Cir. 2002) (*Thompson*). In *Thompson*, the court found that a trial court's *sua sponte* dismissal under Rule 4(m) was improper because the trial court did not give notice to the plaintiff, an incarcerated prisoner. Plaintiffs further argue that they diligently searched for Seldin at the beginning of the case and continued to search as discovery was taken; but because the search was made using the name "Sheldon" instead of Seldin, it was unsuccessful. Plaintiffs dispute that they could have discovered Seldin's address through the other Defendants, claiming that such Defendants were uncooperative. Plaintiffs claim that the misspelled last name for Seldin and uncooperative Defendants are the good cause necessary under Rule 4(m) to avoid dismissal.

The Court finds that the misspelling of Seldin's last name, paired with the other Defendants' apparent lack of knowledge of Seldin's address, demonstrates good cause for the delay in service of process. The Court grants the Plaintiffs 21 days from the date of this order to effectuate proper service of process.

*Failure to Prosecute*

Seldin finally argues that the Plaintiffs failed to prosecute this cause of action against Seldin and that Plaintiffs' cause of action should be dismissed with prejudice according to Federal Rule of Civil Procedure 41(b). In support of his argument, Seldin cited *Powell* and *O'Rourke Bros., Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948 (7th Cir. 2000) (*O'Rourke*).

In response, the Plaintiffs argue that their continuous attempts to locate and serve Seldin, along with the good cause for delay, show that there was no failure to prosecute in this case. They argue that a Rule 41(b) dismissal would be improper according to the facts of this case. The Court agrees.

The Court finds that the facts of *O'Rourke* demonstrate the type of lack of diligence that warrants Rule 41(b) dismissal. In *O'Rourke*, the plaintiff continuously neglected the case, failing to effect service, failing to respond to a letter, failing to follow court orders, and failing to file objections to dismissal for lack of prosecution. The court in *O'Rourke* also found that the plaintiff's neglect of the case was worse after the dismissal than it was before the dismissal. *O'Rourke*, 201 F.3d 950. The Court does not find such a failure to prosecute in this case.

The Court finds that the facts of this case to fall short of a failure to prosecute under Rule 41(b), warranting dismissal with prejudice. Further, because the "less drastic" sanction of a Rule 4(m) dismissal was denied, it would be contrary to the rule set forth in *Maynard* to now grant a Rule 41(b) dismissal.

Also, since only particularly egregious conduct may warrant dismissal for want of prosecution without warning the Plaintiffs, the Court cannot dismiss under Rule 41(b) without first warning the Plaintiffs. *Bolt*, 227 F.3d at 226. This is that warning. Seldin's Motion to Dismiss Complaint under Rule 41(b) is denied.

## CONCLUSION

For the foregoing reasons, the service of Defendant Seldin was improper. Seldin's Motion to Quash Service is hereby granted. Defendant's Motion to Dismiss Complaint is denied.

Dated: November 13, 2008

JOHN W. DARRAH
United States District Court Judge